(29 Misc. Rep. 477.)

LOWENSTEIN et al. v. SCHIFFER et al.

(Supreme Court, Special Term, New York County. November, 1899.)

APPEAL—STAY—OTHER ACTION PENDING.

   . Surviving partners sued the executors of a deceased partner, and asked, either that they be permitted to purchase decedent's interest according to the co-partnership articles, or that a subsequent agreement between the parties be enforced. The executors afterwards sued the survivors on the agreement, but alleging the property was worth a much larger sum than that fixed by the survivors. Judgments in both actions were reversed,— in the latter because of error of the referee in determining decedent's interest, and in the former because a new trial had been ordered in the other. The executors appealed from the order in the survivors' action to the court of appeals, stipulating for judgment absolute in case of affirmance. On retrial of the executors' action, the survivors moved to stay proceedings till the decision in the other case. *Held*, that the stay would not be granted, since the determination of the other case would not settle the controversy, reversal of the pending appeal operating only to dismiss

that action, leaving the parties to the present action to determine their rights, and affirmance, resulting in judgment absolute, not being a final settlement, as the complaint asked for alternative and inconsistent relief.

Action by Lewis Lowenstein and others, as executors of the estate of Isaias Meyer, deceased, against Herman Schiffer and others. Motion to stay proceeding pending another appeal denied.

Parsons, Shepard & Ogden, for plaintiffs.

Guggenheimer, Untermyer & Marshall, for defendants.

SCOTT, J. . This is a motion to stay further proceedings in this action until the decision of an appeal now pending in the court of appeals in another action between the same parties. The plaintiffs are the executors of Isaias Meyer, who, with the two defendants, composed the firm of Pelgram & Meyer. The co-partnership articles provided that, on the death of either partner, the surviving partners should have the option of purchasing the interest of the deceased at a valuation arrived at in a manner provided by the articles. Isaias Meyer having died, the defendants elected to purchase his interest in the business, and so notified his executors, the plaintiffs. Steps were thereupon taken to determine the value of Isaias Meyer's interest. The defendants, having made an inventory and appraisement, fixed the value of this interest at $609,000. The co-partnership articles also provided that the value of the interest of a deceased partner, in case of a purchase by the survivors, was to be paid in annual installments of $50,000 each. Negotiations were entered into between defendants and certain of the plaintiffs looking to a modification of the amount to be paid and of the manner of payment, and an agreement was prepared providing for a purchase of Isaias Meyer's interest in the firm for $585,000, payable in installments different as to amount and time of payment from those specified in the co-partnership articles. This agreement was never executed by all the plaintiffs, was never delivered, and never became operative. The defendants here thereupon commenced an action against the plaintiffs in this action, in which they set up the co-partnership articles, the death of Isaias Meyer, and their election to purchase his interest in the business. They also set up the $585,000 agreement, and insisted that it had become operative, and they asked judgment in the alternative either that the $585,000 agreement be specifically enforced, or that the defendants (the plaintiffs here) be required to transfer to them Isaias Meyer's interest in the firm on the payment of the value thereof ascertained in accordance with the terms of the articles of co-partnership. · When this action came on to be tried at special term, the complaint was dismissed, on the ground that the $585,000 agreement had never become operative, and that under the complaint in that action the only relief the plaintiffs could obtain was the enforcement of that agreement, failing which they had established no cause of action for any relief at all. Upon appeal to the appellate division, the judgment was reversed, the court holding that, while the $585,000 agreement had not been established, yet, under the complaint, the surviving partners had a right to demand the enforcement of that .

clause of the co-partnership articles which permitted them to pur-
chase the interest of the deceased partner.  Schiffer v. Lauterbach,
7 App. Div. 223, 40 N. Y. Supp. 40. · In the meantime the present
action was commenced by Isaias Meyer's executors against his sur-
viving partners, in which they set forth substantially the same facts
as those alleged in the former action, except as to the valuation
of the interest and the execution of the $585,000 agreement, and
assert that Meyer's interest in the business was worth much more
than $609,000, the amount at which it had been valued by his
surviving partners.  They ask for an ascertainment of the amount
due from defendants under the co-partnership articles, and the
election to purchase, and for judgment for the amount so found to
be due.  After the reversal of the judgment in the action by the
surviving partners against these plaintiffs, that action and the
present one were referred to the same referee, before whom they
were tried concurrently, although he made separate reports and
separate judgments were entered.  Upon the referee's reports, judg-
ments were entered dismissing the complaint in the action of Schif-
fer v. Lowenstein, and awarding the plaintiffs in the present ac-
tion a much larger sum than $609,000.  Upon appeal to the appel-
late division, both judgments were reversed (38 App. Div. 178, 56
N. Y. Supp. 674; 38 App. Div. 636, 56 N. Y. Supp. 1115), and
new trials ordered in both actions before another referee.  In the
present action the judgment was reversed because the referee had,
in certain particulars, adopted an erroneous principle in ascertain-
ing the value of Isaias Meyer's interest in the assets of the co-part-
nership.  Lowenstein v. Schiffer, 38 App. Div. 178, 56 N. Y. Supp.
674.  The judgment in the action of Schiffer v. Lowenstein was
reversed because a new trial had been ordered in this action, and
"the issues arising on the subject of the prior partnership agree-
ment will therefore be considered in the executors' [that is, the
present] action."  38 App. Div. 636, 56 N. Y. Supp. 1115.  The ex-
ecutors thereupon appealed to the court of appeals from the order
for a new trial in the action of Schiffer v. Lowenstein, giving the
requisite stipulation for judgment absolute in case of affirmance.
This appeal has not yet appeared upon the calendar of the court of
appeals, and probably will not do so until a new calendar is made
up.  The present action is now on trial before the referee appointed
by the appellate division.  The defendants now move to stay fur-
ther proceedings in this action until the hearing and determination
of the appeal in Schiffer v. Lowenstein.  If, as they insist, the de-
cision upon that appeal will necessarily determine the issues in the
present action, their motion should be granted; for it is well set-
tled that where the decision in one action will determine the rights
set up in another action, and the judgment on one trial will dis-
pose of the controversy in both of the actions, a proper case for
a stay in one action is presented.  An examination of the pleadings
and judgments in the two actions now under consideration shows
that the decision of the court of appeals on the appeal from the
order granting a new trial in Schiffer v. Lowenstein will by no
means settle the controversy between the parties.  Of course, if the

order of the appellate division be reversed, and the judgment entered on the report of the referee be affirmed, nothing whatever will be definitely decided, the complaint in Schiffer v. Lowenstein will be dismissed, and the parties relegated to the present action for a determination of their respective rights. On the other hand, if the order of the appellate division should be affirmed, it is not at all apparent that the controversy between the parties will be thereby determined. .It is true that the executors have stipulated that, in case of affirmance, judgment absolute may be rendered against them. But what judgment? If the complaint in Schiffer v. Lowenstein asked for only one form of judgment, the final judgment to be entered would, of course, be that asked for in the complaint. In fact, however, the complaint asks for alternative and inconsistent relief,—either that the $585,000 agreement be enforced, or that the amount to be paid to defendants for Isaias Meyer's interest in the action be ascertained by the court in accordance with the terms of the co-partnership articles. Hence, it appears that it is by no means certain that the parties will be any nearer the determination of their controversy after the decision of the court of appeals than they are at present. It is urged that the present action should be stayed, because the same relief asked in it can, ultimately, at all events, be obtained in the action of Schiffer v. Lowenstein, and because that was the action first brought. It is undoubtedly the general rule that, where one of two actions is to be stayed, the one first brought will be permitted to proceed, rather than one subsequently commenced. This rule, however, is not inflexible, and is to be applied only when substantial justice to the parties will be furthered thereby. If the court of appeals should reverse the order of the appellate division in Schiffer v. Lowenstein, that action would be disposed of, and no affirmative relief could be given in it to either party, and the determination of the controversy between them would be relegated to the decision of the present action. On the other hand, if the order of the appellate division should be affirmed by the court of appeals, and it should be determined that the final judgment to be entered was the alternative one that the value of Meyer's interest be ascertained by the court, then the parties would be only at the commencement of the same litigation which is now going on before the referee in the present action. Under the pleadings in the present action, the whole controversy can be, and, if the action be permitted to proceed, must be, determined. To stay this action pending the appeal in the other action would merely postpone, by the length of time necessary to reach the appeal in the court of appeals, the settlement of the differences between the parties. To do this would be inequitable. It is conceded on all hands that the value of Isaias Meyer's interest in the firm's assets was very large. Whatever that value is, the executors are entitled to payment or security. As the matter stands, while these litigations go on, the surviving partners are in possession and enjoyment of Meyer's interests in the firm assets, while his executors have neither the value of that interest nor the security for its payment. They are entitled to an

affirmative judgment fixing the value of the testator's interest, and providing for its present or future payment to them. Such a judgment can be obtained most quickly in the present action. Motion denied, with $10 costs.

Motion denied, with $10 costs.